## DIVISION OF PROPERTY UNDER A WILL.

Circuit Court of Cuyahoga County.

THE BAILEY COMPANY V. MORRIS A. BRADLEY ET AL.

Decided, June 11, 1907.

*Testamentary Powers—Executors Can Not Contract to Sell Land Except in Manner Provided in Will.*

Where a will directs the executors to have an appraisal made of all the property belonging to the estate at a certain date and gives to any devisee the right to take any one parcel of property, not exceeding his share in the estate, at its appraised value, the executors can not at a date subsequent to that fixed in the will contract to sell a certain parcel to a third person, without first having the appraisal made and offering the property to the devisees.

*Wm. R. Hopkins* and *White, Johnson, McCaslin & Cannon,* for plaintiff.

*E. J. Blandin, T. H. Hogsett* and *H. D. Goulder,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

In this case a petition and an amendment and supplement to such petition were filed. To these petitions a demurrer is filed

by several of the defendants and the question, therefore, here presented is whether under said petition with the amendment and supplemental petition the plaintiff is entitled to any relief which a court of equity can give.

The facts set out in these petitions are substantially as follows: The plaintiff is a corporation. One Alva Bradley, formerly a resident of this county, died on the 28th day of November, 1885, leaving a large amount of both personal and real estate. He left a will which was duly admitted to probate, by the terms of which all the property of the said Bradley was bequeathed to the executors named therein, and their successors.

The defendants, Morris A. Bradley, George H. Warrington, Norman S. Keller and Lester A. Cobb, are now the executors and trustees under said will; the other defendants in the action are beneficiaries under said will, and three of said beneficiaries are minors.

Item No. 20 of said will reads as follows:

"It is my will, and my executors are directed at the end of twenty (20) years from and after my decease, or as soon thereafter as may be possible, to make a final distribution of my estate, of every kind and description, by causing an appraisal of each and every parcel of real and personal property to be made by three disinterested freeholders to be selected by my executors, and to cause the same to be sold at public or private sale in such reasonable time after said twenty years have expired, and on such terms as they shall deem best for my heirs, and so far as necessary and practicable to reduce all choses in action to cash, and to make a final distribution as follows:

"To pay each of my children who shall then be alive at such final distribution, one-tenth (1-10) of the total net proceeds of such estate; and that the residue of my said estate be divided beween the children then living of my children Elizabeth M. Keller, Eleanor F. Grover, Minetta Morehouse and Morris A. Bradley, said grandchildren sharing equally in said division.

"And I direct that my said executors shall, before offering any part of my estate for sale to others, give to my own children then living, and to my grandchildren then living, the privilege of purchasing any part of said real estate at the appraisal, to an amount not exceeding the share that they may be entitled to respectively receive, and to have the same charged to such devisee as part of his or her share; but, if the same piece of property is desired by two or more of them, then the same shall be sold and

disposed of at public auction, and all public sales shall be upon public notice in a newspaper published in the city of Cleveland, for not less than thirty (30) days, and for not less than two-thirds (2-3) of its value as so appraised. And I authorize my executors, as such trustees, to make to the purchasers and to my children and grandchildren respectively, all proper conveyances in fee simple of the real estate so sold and taken by them as fully as may be deemed necessary to carry out this will and without order or intervention of any court.''

One of the parcels of real estate left by the testator is described in the petition, and it is averred that this described parcel is much less in value than the share of any one of the several beneficiaries, and on the 4th day of December, 1905, the trustees and executors under the will (there having been a change of one of the trustees since the date last named, which, however, in no wise affects the question here under consideration), entered into a contract of sale of said described parcel of real estate with one V. C. Taylor for the sum of $230,000, of which $5,000 was paid in hand; and that thereafter said Taylor assigned his interest in the contract to this plaintiff; the terms of the contract of sale are not set out in the petition, and it is averred that the plaintiff is now ready and willing to perform on its part all the stipulations of said contract to be performed by the vendee, and has demanded of the executors and trustees that they carry out such contract of sale, which they refuse to do.

By a fair construction of the petition it appears that there had been no appraisement of this parcel at the time said contract of sale was entered into, but said parcel has since been appraised at the sum of $225,000. It is further averred in the petition that this contract of sale was made under and in pursuance of authority and approval of all of said defendants, except said minors. We think a fair construction of this allegation is that the parties whose authority and approval is spoken of, simply consented and agreed that so far as they were individually interested in said property, such sale might be made by the executors.

Prior to entering into the contract of sale set out in the peti-

tion no opportunity had been given to any one of the benefi-ciaries to make an election, as is provided in the twentieth item of the will, whether to take said parcel at its appraised value or not.    Indeed, no such election could have been made until after an appraisement.

It appears, however, from the supplemental petition, that Alva B. Keller, one of the beneficiaries, has elected to take the real estate described in the petition, to apply on his share of the estate, at its appraised value, and that Alva Bradley and Charles L. Bradley have together elected to take the same parcel at its appraised value, under the provisions of the item already quoted from the will.    This election necessitates the sale of this parcel at public auction, and it is manifest that the executors and trustees as such, can not carry out the provisions of the contract of sale.    Their authority is fixed by this will, and under it they could make no sale as trustees without first having an appraisement, and next an opportunity on the part of the beneficiaries to elect, and when two or more beneficiaries have elected to take the same parcel their only course, so far as they derive their authority from the will, is to sell each parcel at public auction.    It is said, however, that in the making of this sale they acted as the agents of those who assented to and authorized the sale.    We have already said in this opinion how far we think that consent and authority made these trustees the agents of the parties authorizing and consenting.    We hold that the allegation does not show that the parties thus assenting undertook to have a sale made which should be binding upon them, beyond a consent to have their several interests thus sold.    It did not put upon them the obligation of securing a title such as would enable them to convey a complete title to the vendee.    It may be conceded that if they had bound themselves, through their agents, or otherwise, to convey to the vendee a complete title, the obligation might have been put upon them to obtain at the public sale which must be made of this property, such complete title, and so enable them to carry out the contract, but construing the allegation as we do, no such obligation was put upon them.    It is certain that the executors and trustees can not purchase this property at their own sale when it shall be

made, as it must be, because of the election which has been made. They, therefore, can not obtain a good title which they can convey to the plaintiff.

If it should be claimed that since seven-tenths of this entire property is represented by the defendants who authorized the sale, they can be required to convey an undivided seven-tenths interest in this property to the vendee for a like fractional part of the agreed purchase price, the answer to this is that thereby great injustice might be done and probably would be done to the minors. They are entitled, under the will, to have this parcel sold as a whole and can not be compelled to have it sold in undivided fractional parts. It may well be said, if this plaintiff should have a complete title to seven-tenths of this property, that the remaining three-tenths would sell at public auction for much less than three-tenths of what could be obtained at public sale of the entire property.

The result of this reasoning is that the several demurrers are sustained.